**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR FERNANDO PERALTA SANCHEZ,<br><br>Defendant. | Case No.  19-cr-00611-BLF-3<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**<br><br>[Re:  ECF 112] |

Defendant Omar Fernando Peralta Sanchez ("Peralta Sanchez") moves to vacate his sentence under 28 U.S.C. § 2255 based on trial counsel's alleged ineffective assistance in failing to request a 3-point reduction in offense level under U.S.S.G. § 2D1.1(a)(5).  Plaintiff United States of America ("the Government") and the U.S. Probation Office ("Probation") agree that Peralta Sanchez should have received the 3-point reduction.  *See* Gov't's Notice Regarding Sentencing Guidelines, ECF 103.  The Government does not oppose § 2255 relief on the ground that trial counsel was ineffective at the sentencing stage.

The Court held a hearing on January 10, 2023, during which it GRANTED Peralta Sanchez's § 2255 motion on the record.  After vacating the sentence originally imposed, the Court immediately resentenced Peralta Sanchez, taking into account the additional 3-point reduction in offense level under U.S.S.G. § 2D1.1(a)(5) along with all other relevant factors.

The Court's reasons for granting the § 2255 motion are summarized below.

**I.    BACKGROUND**

The Indictment in this case was filed on November 14, 2019, charging Peralta Sanchez and others with two drug offenses:  Count 1, conspiracy to distribute and possess with intent to distribute 500 grams and more of a mixture containing methamphetamine; and Count 2, possession with intent to distribute 500 grams and more of a mixture containing methamphetamine.  *See* Indictment, ECF 10.  On January 18, 2022, Peralta Sanchez entered a plea of guilty to both counts pursuant to a plea agreement.  *See* Minute Entry, ECF 74.  The plea agreement calculated Peralta Sanchez's adjusted offense level to be 27, assuming his qualification for safety-valve relief.  *See* Plea Agreement, ECF 75.  The revised presentence report ("PSR") provided by Probation used the same calculation as the plea agreement, except that Probation recommended a 2-level increase in offense level for maintaining a premise for the purpose of manufacturing or distributing a controlled substance.  *See* Revised PSR, ECF 93.

Peralta Sanchez was sentenced on May 24, 2022.  *See* Minute Entry, ECF 95.  The Court declined to impose the 2-level increase in offense level recommended by Probation and otherwise calculated the offense level consistently with both the plea agreement and the PSR.  Using an offense level of 27, which included a reduction for minor role and the safety valve reduction, and a Criminal History Category of I, the Court determined that the applicable Guidelines range was 70-87 months.  The Court found that a variance from the Guidelines range was warranted, and it sentenced Peralta Sanchez to a 51-month term of imprisonment.  *See* Minute Entry, ECF 95.  Judgment was entered on May 25, 2022.  *See* Judgment, ECF 96.

On July 15, 2022, the Government filed a Notice Regarding Sentencing Guidelines, advising the Court that Peralta Sanchez should have received an additional 3-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(a)(5).  *See* Gov't's Notice, ECF 103.  That provision states in relevant part that "if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is . . . level 34 or level 36," then the offense level should be "decrease[d] by 3 levels."  U.S.S.G. § 2D1.1(a)(5).  As reflected in the plea agreement and PSR, Peralta Sanchez did receive an adjustment under U.S.S.G. § 3B1.2 for mitigating role, and his base offense level was 34.  He therefore was entitled to the corresponding

1   3-point reduction.  Had the 3-point reduction been granted under U.S.S.G. § 2D1.1(a)(5), Peralta

2   Sanchez's offense level would have been 24 rather than 27, and the Guidelines range would have

3   been 51-63 months rather than 70-87 months.

4          The Court held a status hearing on July 19, 2022, and it was agreed that Peralta Sanchez

5   would seek relief from his sentence by way of a § 2255 motion.  *See* Minute Entry, ECF 107.  He

6   filed the current § 2255 motion on July 29, 2022.  *See* Def.'s § 2255 Mot., ECF 112.  The Court

7   approved the parties' stipulated briefing schedule and their request to set the motion for hearing on

8   January 10, 2023.  *See* Orders, ECF 117, 128.

9          The hearing on Peralta Sanchez's § 2255 motion proceeded as scheduled on January 10,

10   2023.  The Court granted the motion on the record, finding Peralta Sanchez entitled to relief based

11   on ineffective assistance of trial counsel at sentencing – specifically, trial counsel's failure to

12   request the 3-point reduction in offense level under U.S.S.G. § 2D1.1(a)(5).  The Court

13   immediately resentenced Peralta Sanchez, imposing a 36-month term of imprisonment, a 3-year

14   term of supervised release, and a requirement to pay restitution.

15   **II.     LEGAL STANDARD**

16          A prisoner in federal custody may move to vacate, set aside, or correct his sentence based

17   on a claim that "the sentence was imposed in violation of the Constitution or laws of the United

18   States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

19   in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28

20   U.S.C. § 2255(a).

21          A claim that trial counsel was ineffective at sentencing is cognizable under § 2255.  *See*

22   *Glover v. United States*, 531 U.S. 198, 204 (2001).  Thus, although a federal prisoner may not

23   directly attack a sentencing error under § 2255, he may claim that counsel's failure to raise the

24   issue constituted ineffective assistance.  *See United States v. Reed*, 230 F.3d 1368 (9th Cir. 2000)

25    ("Although Reed cannot directly attack his sentencing enhancement under U.S.S.G. § 2D1.1 . . .

26   he can allege that his counsel's failure to raise the issue fell below an 'objective standard of

27   reasonableness.'").

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1
2
3
4
5

The Supreme Court established a two-prong test for ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the movant must establish that counsel's performance fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688 (1984).  Second, the movant must establish prejudice resulting from counsel's deficient performance.  *Id*. at 694.

6

### III.   DISCUSSION

7
8
9
10
11
12
13
14

Peralta Sanchez seeks to vacate his sentence on three grounds.  First, he contends that his trial counsel rendered ineffective assistance at the plea stage when counsel negotiated a 2-point reduction in offense level under U.S.S.G. § 3B1.2(b), but failed to negotiate the corresponding 3-point reduction in offense level under U.S.S.G. § 2D1.1(a)(5).  Second, Peralta Sanchez asserts that his trial counsel rendered ineffective assistance at the sentencing stage by failing to raise the applicability of U.S.S.G. § 2D1.1(a)(5).  Third, in the event the Court does not find ineffective assistance of counsel, Peralta Sanchez asks the Court to correct the sentencing error under its inherent power.

15
16
17
18
19
20
21
22

The Government does not oppose relief on the second ground, ineffective assistance of trial counsel at the sentencing stage.  In fact, the Government affirmatively argues that Peralta Sanchez is entitled to relief on that ground.  The Government also indicates that to the extent Peralta Sanchez's § 2255 motion on that ground could be deemed waived, the Government does not assert such waiver.  *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) ("This court will not address waiver if not raised by the opposing party."); *United States v. Garcia-Lopez*, 309 F.3d 1121, 1123 (9th Cir. 2002) ("If the government can 'waive waiver' implicitly by failing to assert it, certainly the government can do so explicitly, as occurred here.").

23
24
25
26
27
28

The Court agrees that Peralta Sanchez has shown that relief is warranted based on ineffective assistance of trial counsel at the sentencing stage.  To establish deficient performance under *Strickland's* first prong, Peralta Sanchez must show that his "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688.  The Court finds that counsel's failure to request the additional 3-point reduction in Peralta Sanchez's offense level constituted deficient performance, as the

4

applicability of U.S.S.G. § 2D1.1(a)(5) was apparent.  The Court observes that Government counsel, Probation, and the undersigned also failed to catch the sentencing error and thus share in the responsibility for multiplying these proceedings.  It is to defense counsel's credit that he readily conceded deficient performance upon learning of the sentencing error.

To establish prejudice under *Strickland's* second prong, Peralta Sanchez "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  At sentencing, the Court considered both the Guidelines range and the factors set forth in 18 U.S.C. § 3553(a).  *See* Hrg. Tr. 15:22-17:14, ECF 122-1.  There is a reasonable probability that if the Court had considered a Guidelines range of 51-63 months rather than 70-87 months, as would have been the case but for defense counsel's error, the Court would have imposed a shorter term of imprisonment.

The Court concludes that Peralta Sanchez is entitled to relief under § 2255 based on ineffective assistance of trial counsel at the sentencing stage.  As noted above, the Court stated this ruling on the record at the hearing and already has resentenced Peralta Sanchez.  Consequently, the Court need not and does not address Peralta Sanchez's alternative grounds for relief based on ineffective assistance of trial counsel at the plea stage and the Court's inherent power.

**IV.   ORDER**

(1)   Defendant Peralta Sanchez's Motion to Vacate Sentence under 28 U.S.C. § 2255 is GRANTED as set forth herein; and

(2)   This order terminates ECF 112.

Dated:  January 11, 2023

_____
BETH LABSON FREEMAN
United States District Judge